**UNITED STATES of America**

v.

**David ROSENFIELD, et al.**

Civ. A. No. 85–0728.

United States District Court, E.D. Pennsylvania.

Dec. 23, 1986.

Edward S.G. Dennis, Jr., U.S. Atty., James G. Sheehan, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Robert Rosenfield, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

This is a civil action to recover the proceeds of a racketeering activity paid to defendant David Rosenfield, who was convicted by a jury of violating the RICO statute, 18 U.S.C. §§ 1961–1968. The racketeering enterprise was the law firm of David Rosenfield, P.C., which had solicited and presented fictitious personal injury claims to insurers. Following the jury's verdict, the district court (Green, J.) entered an order granting forfeiture and authorizing seizure of profits, proceeds or returns of the racketeering activity received by David Rosenfield in the amount of $1,640,000.[1] On February 15, 1985, Judge Green ruled that the criminal court did not have the authority to issue a money judgment, stating:

> In reviewing the legislative history of the original and amended RICO statutes, I find no support in the history for the entry of a money judgment. Moreover, a review of the amended version of the RICO statute reveals that Congress did in fact consider the remedy of a money judgment as a means of enforcing the forfeiture provisions of the amended statute. However, that provision authorizing the entering of a money judgment was deleted from the final version of the amended statute and in its place a provision for doubling the amount of fines authorized was inserted. Therefore, this legislative history militates against a finding that Congress has implicitly authorized the use of a money judgment as a means of enforcing the forfeiture provisions of the criminal RICO statute.

The United States did not appeal Judge Green's ruling, but has brought this civil action in which it asks the court to enter a civil money judgment against David Rosenfield in the amount of $1,640,000 and to set aside certain transfers of property as fraudulent conveyances. Presently pending before the court are cross motions for summary judgment. The government seeks full summary judgment as against David Rosenfield, and partial judgment (as to liability) against the other defendants. The defendants also have moved for summary judgment.

## I. MONEY JUDGMENT AGAINST DAVID ROSENFIELD

The government has conceded, for the purposes of this case only, that Judge

---

1. This figure was reached by stipulation of the parties, and was based on Mr. Rosenfield's salary during the period of criminal activity.

Green's ruling in the criminal case is correct.[2] Therefore, the starting point for my analysis is his finding that nothing in the RICO statute, in its original form or as amended, gives a criminal court the authority to enter a money judgment. The issue which I must decide is whether, having obtained a forfeiture order in the criminal court, the government may then seek from the civil court the *in personam* money judgment which was not available to it in the criminal court.

The key to this case is the understanding that the government does not seek a civil money judgment as a direct penalty for the criminal violation. Rather, the government contends that the forfeiture order created an abstract right to recover funds. It now seeks to enforce that right through the equitable powers of the civil court. The central issue, therefore, is the determination of the nature and effect of the forfeiture order issued by Judge Green. Thus, Judge Green's ruling is not res judicata in this case.

The government has presented this court with a matter of first impression. Its argument is rooted in cases of other circuits. *United States v. Ginsburg*, 773 F.2d 798 (7th Cir.1985); *United States v. Navarro-Ordas*, 770 F.2d 959 (11th Cir.1985); *United States v. Conner*, 752 F.2d 566 (11th Cir.1985). Decided in the context of criminal appeals, these cases reason that a RICO criminal forfeiture judgment, unlike other criminal forfeitures, is *in personam*. *Conner*, 752 F.2d at 576; *Ginsburg*, 773 F.2d at 801. Any question on this point must be answered by reference to the legislative history of the RICO amendments, which clearly states the *in personam* nature of the RICO forfeiture. S.Rep. No. 225, 98th Cong., 1st Sess. 200, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3182, 3383.

■ Because the forfeiture judgment is *in personam*, ·

it follows the defendant as a part of the penalty and thus it does not require that the government trace it, even though the forfeiture is not due until after the conviction. Money is a fungible item. It matters not that the government received the identical money which the defendants received as long as the *amount* that was received in violation of the racketeering statute is known.

*Conner*, 752 F.2d at 576. Therefore, the government is not required to trace the proceeds. *Id.* at 577; *Navarro-Ordas*, 770 F.2d at 970.

These cases considered the issue retrospectively from the entry of the forfeiture judgment. That is, they held that the government was not required to trace the illegal proceeds from the time they were received by the defendant until the order of forfeiture. In the present case, the government makes the further argument that it is not required to trace the proceeds after the entry of the forfeiture judgment. If the government is correct, the government would be able to seize funds inherited five years after the conviction of a criminal defendant who has not already satisfied a forfeiture judgment.

[A] racketeer who dissipates the profits or proceeds of his racketeering activity on wine, women, and song has profited from organized crime to the same extent as if he had put the money in his bank account. Every dollar that the racketeer derives from illicit activities and then spends on such items as food, entertainment, college tuition, and charity, is a dollar that should not have been available for him to spend for those purposes.

*Ginsburg*, 773 F.2d at 802.

This analysis looks to the personal account ledger of the racketeer. The proceeds of the racketeering activity appear on the income statement as a credit. As the proceeds are consumed, they are offset by debit entries to the statement. If the defendant later receives income from legit-

---

2. The Department of Justice reserves the right to argue in the future that there is a right to a     money judgment in the criminal court.

imate sources, the ledger will again show a positive balance. The teaching of *Ginsburg* and *Conner* is that the government has a right to that later income. In effect, the expenditures offset the *subsequent* income.

The ledger is the same whether the forfeiture order is entered before or after the legitimate income appears. It is the same whether the debit entries represent expenditures for wine, women, and song, or transfers made to friends and family in order to avoid seizure by the government. The purpose of the statute "was to remove the profit from organized crime by separating the racketeer from his dishonest gains." *Russello v. United States*, 464 U.S. 16, 28, 104 S.Ct. 296, 303, 78 L.Ed.2d 17 (1983). To permit the defendant to evade forfeiture by delaying discovery and transferring assets "would simply provide an incentive for racketeers to engage in complicated financial transactions to hide their spoils." *Navarro-Ordas*, 770 F.2d at 970.

■ The criminal court held that it had no authority to enter a criminal money judgment against the defendant, but declared that the government had a right to $1,640,000 in proceeds of the criminal activity. That right vested at the time of the criminal activity. *Ginsburg*, 773 F.2d at 801; S.Rep. no. 225, 98th Cong., 1st Sess. 200, *reprinted in* 1984 U.S.Code Cong. & Ad.News 3383. That right would be meaningless unless the government, like any other entity with a legal right to funds, may invoke the equitable powers of the civil court for enforcement.

Therefore, the civil court may enter a money judgment against the defendant.

## II. FRAUDULENT CONVEYANCES

The government alleges that David Rosenfield has transferred property to his family and friends in order to avoid forfeiture, and that these were fraudulent conveyances. The government seeks to set aside these transfers.

■ If the government is able to establish that the conveyances were fraudulent

under Pennsylvania law, they will be set aside. However, there are substantial questions of material fact relating to these transactions. Therefore, the matter is not one in which summary judgment is appropriate.

An appropriate order is attached.

### ORDER

Upon consideration of the motion of the United States for partial summary judgment, the plaintiffs' response, the plaintiffs' motion for summary judgment, the government's response, the memoranda submitted by the parties, the comments of counsel at oral argument, and for the reasons stated in the attached memorandum, IT IS ORDERED that:

1. Defendants' motion for summary judgment is DENIED;

2. Plaintiff's motion for partial summary judgment is GRANTED IN PART and DENIED IN PART.

Summary judgment is entered in favor of the United States and against defendant David Rosenfield in the amount of $1,640,-000. This case shall proceed to trial on the issue of whether any of the alleged transfers to the remaining defendants should be set aside as fraudulent conveyances.

IT IS SO ORDERED.